<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASCENDIA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASCENDIS PHARMA A/S, <br><br> Defendant. | Civil Action No. 20-15006 (ZNQ) (DEA) <br><br> **OPINION** |

**<u>QURAISHI, District Judge</u>**

**THIS MATTER** comes before the Court on Defendant Ascendis Pharma A/S's ("Ascendis" or "Defendant") partial Motion to Dismiss Plaintiff Ascendia Pharmaceuticals, Inc.'s ("Ascendia" or "Plaintiff") claims for declaratory judgment and cancellation of certain trademark registrations. (ECF No. 52.) Ascendia opposed the motion. (ECF No. 58.) Ascendis replied. (ECF No. 60.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Ascendis's partial Motion to Dismiss is **GRANTED**; Ascendia's claims for declaratory judgment and cancellation of Ascendis's registrations are **DISMISSED**. Ascendia's 15 U.S.C. § 1071 claim remains.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

In this action, pursuant to 15 U.S.C. § 1071, Ascendia appeals the April 8, 2022 administrative decision of the Trademark Trial and Appeal Board (the "TTAB") granting Ascendis's petition for cancellation of Ascendia's trademark registrations and denying Ascendia's

counterclaim for cancellation of Ascendis's eponymous registration. (Amended Complaint ¶ 41, ECF No. 43.)[1] Additionally, Ascendia seeks a declaratory judgment that its trademarks are not likely to cause confusion with Ascendis's trademarks (*Id.* ¶ 41) and, separately, asserts that Ascendis's trademarks should be cancelled on the ground of abandonment (*Id.* ¶ 26). The present motion to dismiss concerns only the declaratory judgment and cancellation claims.

A. **The Parties**

Ascendia is s a private company, incorporated in Delaware and with its principal place of business in New Jersey, that specializes in the development of specialty pharmaceutical products and novel formulation technologies. (*See* Am. Compl. ¶¶ 1, 7.) Ascendia also provides formulation, analytical, and manufacturing services to third-party pharmaceutical companies, and has developed multiple platforms focused on poorly soluble drugs, nanotechnology, and controlled-release oral medications. (*Id.* ¶ 7.) Ascendia is the owner of the following trademark registrations in the United States Patent and Trademark Office ("USPTO"):

   a. Ascendia Pharma, Reg. No. 4566560, for "Research and development in the pharmaceutical and biotechnology fields," in Class 42 (registered July 15, 2014);

   b. Ascendia Pharmaceuticals, Reg. No. 4566570, for "Pharmaceutical drug development services, Pharmaceutical products development, Pharmaceutical research services," in Class 42 (registered July 15, 2014); and

   c. Ascendia Pharma (& Design) Reg. No. 4614800, for "Pharmaceutical drug development and research services," in Class 42 (registered September 30, 2014).

(*Id.* ¶ 8.) On November 23, 2021, the above registrations were assigned to Ascendia, the successor to Ascendia Pharmaceuticals LLC, the original named plaintiff in this action. (*Id.* ¶¶ 1, 9.)

---

[1] For reasons unknown, the Amended Complaint does not present its claims in discrete counts. The Court therefore cites to the paragraphs of the Amended Complaint that assert each of Plaintiff's three claims.

Ascendis is a specialty pharmaceutical company, formed and located in Denmark. (*See* Am. Compl., Ex. A ("TTAB Decision") at 19.) It is a publicly traded company, listed on the U.S. NASDAQ (ASND), that focuses on developing new therapies via its proprietary technology that enables the sustained release of pharmacologically active drugs at predictable rates. (*Id.*) The therapies developed by Ascendis are comprised of "prodrugs"—that is, medications or compounds that are inactive until metabolized by the patient, at which point they are chemically converted into pharmacologically active drugs, or "parent" drugs. Ascendis does not develop or produce the parent drugs contained in the prodrug, but rather it partners with developers of the parent drugs, who aim to apply Ascendis's technology "to improve the delivery and efficiency [sic, efficacy] of its treatments." (*Id.* at 20.) Ascendis is the owner of the following trademark registrations in the USPTO:

a. Ascendis, Reg. No. 3731597, for "Scientific research within the medical, pharmaceutical and bacteriological area . . ." in Class 42 (registered December 29, 2009);

b. Ascendis Pharma, Reg. No. 5259688, for "Scientific research within the medical, pharmaceutical and bacteriological area . . ." in Class 42 (registered August 8, 2017); and

c. Ascendis Pharma (& Design), Reg. No. 6630735, for "Scientific research within the medical, pharmaceutical and bacteriological area . . ." in Class 42, as well as a range of pharmaceutical and veterinary preparations in Class 5 (registered Feb. 1, 2022).

(*See* Am. Compl. ¶ 15; *see also* Decl. of Daniel C. Neustadt ("Neustadt Decl."), Ex. A, ECF No. 53-1.) Ascendis's wholly owned subsidiary, Ascendis Pharma, Inc., is incorporated in Delaware and operates out of offices in Palo Alto, California. (*See* TTAB Decision at 20.) The subsidiary was formed in 2008 and has maintained offices in Palo Alto since 2011, after moving from New Jersey. (*Id.*)

### B.  The TTAB Proceeding

On April 24, 2017, Ascendis filed a petition with the USPTO to cancel Ascendia's registrations based on a likelihood of confusion with its own. (*See* TTAB Decision at 3.) Ascendia counterclaimed to cancel Reg. No. 3731597. (*Id.* at 4.) Following a period of extensive discovery between the parties and a trial before the TTAB, the TTAB issued a final decision on April 8, 2022, ruling in favor of Ascendis. (*Id.* at 5.) Specifically, the TTAB ordered the cancellation of Ascendia's registrations on the basis of priority and likelihood of confusion. (*Id.* at 73.) The TTAB also rejected Ascendia's abandonment counterclaim, finding that Ascendis had set forth sufficient, unrefuted evidence to show ongoing use of its marks in commerce. (*Id.* at 30–32.)

### C.  Ascendia's Allegations

According to Ascendia, Ascendis initiated the TTAB proceeding in 2017 after threatening to sue Ascendia for trademark infringement. (Am. Compl. ¶ 27.) Ascendia alleges that it engaged in negotiations with Ascendis to resolve the trademark issues, resulting in a proposed settlement dated August 30, 2020. (*Id.* ¶ 29.) However, Ascendis thereafter purportedly "repudiated the proposed agreement by deleting certain proposed allegedly agreed upon alternate names," and "has recently threatened to elevate the dispute." (*Id.* ¶ 30.) Based on this, Ascendia has allegedly "formed a reasonable belief" that Ascendis is preparing to initiate trademark infringement litigation against it. (*Id.* ¶ 31.)

Ascendia also alleges Ascendis's California office is merely a "nominal location" and Ascendis "has not . . . engaged in the continuous use in interstate commerce in the United States of America for the goods specified in [its] registrations." (Am. Compl. ¶¶ 19, 22.)  As such, Ascendia claims that Ascendis "has abandoned its mark in the United States of America, in whole

or in part, by failing to use the mark in interstate commerce in the United States of America for at least three consecutive years." (*Id.* ¶ 23.)

### D.    Procedural History

During the pendency of the TTAB proceeding, on October 26, 2020, Ascendia filed its original Complaint in this Court. (ECF No. 1.) Following the TTAB Decision, Ascendia filed the Amended Complaint, seeking a *de novo* appeal of the TTAB Decision, declaratory judgment on the likelihood of confusion issue and noninfringement, and cancellation of Ascendis's registrations. (*See* Am. Compl. ¶¶ 34–42.) Ascendis subsequently moved to dismiss the declaratory judgment and cancellation claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Def.'s Moving Br., ECF No. 54.) Ascendia opposed the motion. (Pl.'s Opp'n Br., ECF No. 58.) Ascendis replied. (Def.'s Reply Br., ECF No. 60.)

## II.    JURISDICTION

The Court has jurisdiction over Ascendia's federal claims pursuant to 28 U.S.C. § 1331 and jurisdiction over its appeal from the decision of the Trademark Trial and Appeal Board pursuant to 15 U.S.C. §1071(b).

## III.   LEGAL STANDARD

### A.    Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

A Rule 12(b)(1) motion may present either a facial or factual challenge. *See In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012). "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *Gould Elec. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000)). "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction

because the facts of the case . . . do not support the asserted jurisdiction," and thus, "the District Court may look beyond the pleadings to ascertain the facts." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

### B. Failure to State a Claim – Rule 12(b)(6)

Courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[ ] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

### IV. <u>DISCUSSION</u>

Ascendis moves to dismiss Ascendia's claims for declaratory judgment and cancellation. (*See generally* Def.'s Moving Br.) First, Ascendis asserts there is no "actual controversy" under the Declaratory Judgment Act to support the Court's jurisdiction over the claim. (*See id.* at 18.)

Ascendis highlights that a dispute before the TTAB is insufficient to establish a justiciable controversy for purposes of a declaratory judgment action and argues that Ascendia cannot otherwise point to any real or immediate threat of infringement litigation. (*See id.* 21–29.) Second, Ascendis asserts that the cancellation claim with respect to each of its three registrations should be dismissed for three respective reasons, including that the cancellation claim is duplicative of Ascendia's claim to reverse the TTAB Decision, the claim has been partially waived, and the claim is not supported by sufficient allegations. (*See id.* at 29–30.)

As explained in further detail below, Ascendia's declaratory judgment claim fails absent facts demonstrating an actual controversy sufficient for jurisdiction under the Declaratory Judgment Act. Similarly, Ascendia's claims for cancellation are dismissed as duplicative, for want of jurisdiction, and for failure to state claim.

### A. The Declaratory Judgment Claim

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). The Supreme Court has explained that "the phrase 'case of actual controversy' in the [Declaratory Judgment Act] refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Id.* (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240 (1937)). An actual controversy requires a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests"; "real and substantial"; and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotation marks and citations omitted). In other

words, in assessing whether a declaratory judgment action satisfies the case-or-controversy requirement, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

In general, a dispute before the TTAB is insufficient to establish an actual controversy for purposes of a declaratory judgment action. *See J & D Home Improvement, Inc. v. Basement Doctor, Inc.*, 90 F. App'x 616, 619–20 (3d Cir. 2004) (no "actual controversy" where plaintiff sought declaratory "relief in anticipation of the TTAB's ruling in its cancellation proceeding," "because the registration for [the plaintiff's] mark is valid, because no competing mark has been registered by [the defendant], and because no infringement claims have been made"); *Colur World, LLC v. Benco Dental Supply Co.*, No. 18-3265, 2019 WL 9100306, at *1 n.1 (E.D. Pa. Mar. 29, 2019) (collecting cases and explaining that "a single dispute before the TTAB is generally insufficient to establish a controversy for the purposes of a declaratory judgment action"). In contrast, considering all the circumstances, courts have found that express or implicit assertions of trademark infringement in correspondence between the parties, in the context of negotiations, or in TTAB proceedings typically satisfies the "actual controversy" requirement. *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1247 (10th Cir. 2008) (finding declaratory judgment jurisdiction considering "five separate TTAB oppositions combined with an extensive history of interactions between the parties in which the declaratory defendant expressly and repeatedly suggested historical and existing infringing activity by the declaratory plaintiff"); *Gelmart Indus., Inc. v. Eveready Battery Co., Inc.*, 120 F. Supp. 3d 327, 332 (S.D.N.Y. 2014) ("In essence, throughout its cease-and-desist letter and its USPTO filing, [the defendant] accused [the plaintiff] of infringing

8

and diluting its mark."); *Blue Athletic, Inc. v. Nordstrom, Inc.,* No. 10-036, 2010 WL 2836303, at *4 (D.N.H. July 19, 2010) ("[T]he combination of two demand letters and formal TTAB opposition on infringement grounds, all steeped in the language of trademark infringement, is sufficient to meet the *MedImmune* standard."). Still, correspondence between the parties and even "settlement negotiations touching on use of the disputed mark" are "insufficient to create an actual controversy based on infringement." *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 397 (S.D.N.Y. 2011).

Here, the facts before the Court do not demonstrate an "actual controversy" for purposes of the Declaratory Judgment Act. Ascendis raises both facial and factual challenges to declaratory judgment jurisdiction. (*See* Def.'s Moving Br. at 21–29.) As an initial matter, as highlighted above, the TTAB dispute alone is insufficient. The Amended Complaint is similarly unhelpful to Ascendia's case for jurisdiction. Ascendia's allegations that Ascendis "has threatened litigation" and previously "repudiated" a proposed settlement agreement are wholly conclusory and lack any factual substantiation. (*See* Am. Compl. ¶¶ 6, 27, 30.) Ascendia's Amended Complaint does not provide any detail as to the purported threats or as to how the settlement negotiations gave rise to a reasonable apprehension of litigation. It is axiomatic that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Amended Complaint fails on its face to establish an "actual controversy."

Ascendia's assertion that Ascendis's conduct establishes a real and immediate threat sufficient for jurisdiction fairs no better in light of the actual facts that appear to form the basis for Ascendia's bare allegations. "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176. Moreover, in ruling on a motion to dismiss, courts

may take judicial notice of "matters of public record that are undisputedly authentic without converting the motion to one for summary judgment." *Pellegrino v. Great Atlantic & Pacific Tea Co., Inc.*, No. 13-559, 2013 WL 5773278, at *2 (D.N.J. Oct. 24, 2013) (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)); *see Sai Ram Imports Inc. v. Meenakski Overseas LLC*, No. 17-11872, 2018 WL 2045996, at *1 n.1 (D.N.J. May 1, 2018) ("taking judicial notice of public documents related to" TTAB proceedings).[2]

First, Ascendia points to correspondence between the parties that took place in 2016 and 2017. (*See* Pl.'s Opp'n Br. at 29.) But the three relevant letters from Ascendis neither threaten litigation nor include reference to trademark infringement. The first letter, dated August 24, 2016, noted that Ascendia's continued use of registration of its marks was likely to cause confusion, requested Ascendia to cease and desist, and concluded as follows: "We hope that the Parties can reach an amicable resolution to this matter and look forward to you timely response." (*See* Cancellation, 72 TTABVUE at 289–90.) The second letter, dated December 12, 2016, reiterated a similar message and continued to emphasize a desire to "reach[] an amicable resolution." (*See id.* at 297–98.) And finally, the third letter, dated February 20, 2017, stated that, if Ascendis did not receive certain requested evidence within two weeks, it would "consider alternate legal remedies." (*See id.* at 302.) Even if Ascendis's lone reference to "alternative legal remedies" implied a threat of imminent federal litigation at the time, Ascendis's subsequent course of conduct eschews that notion, as the alterative legal remedy it ultimately pursued is ostensibly the cancellation of

---

[2] The record in the cancellation proceeding before the TTAB, No. 92065937 (the "Cancellation"), is publicly available at TTABVUE, the TTAB Inquiry System. In addition to the Court's authority to take judicial notice of such public documents, the Court may reference this record in suits brought under § 1071(b)(1). *See* 15 U.S.C. § 1071(b)(3) ("In suits brought hereunder, the record in the United States Patent and Trademark Office shall be admitted on motion of any party, upon such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of any party to take further testimony. The testimony and exhibits of the record in the United States Patent and Trademark Office, when admitted, shall have the same effect as if originally taken and produced in the suit."). The Court will reference documents in the Cancellation record according to the assigned docket number in TTABVUE.

Ascendia's federal registrations before the TTAB. Ascendia cannot now rely on a years-old letter to establish a real and immediate threat justifying its declaratory judgment claim today, particularly considering the documented history of the TTAB proceeding, which focused solely on Ascendia's registrations, not infringement.

Second, Ascendia vaguely points to comments made by Ascendis during settlement negotiations in 2020 that it perceived as threatening litigation. (*See* Pl.'s Opp'n Br. at 31, 33.) However, as Ascendis explains in detail, throughout the course of negotiations Ascendis remained committed to an amicable resolution—and specifically one allowing the continued use and registration of a mark that includes the "Ascendia" designation. (*See* Def.'s Moving Br. at 25–26.) "[A] fear of future harm that is only subjective is not an injury or threat of injury caused by the defendant that can be the basis of an Article III case or controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (3d Cir. 2008) (rejecting notion that a company's "paralyzing uncertainty" and "fear" of an "infringement suit against it" is sufficient for declaratory judgment jurisdiction). As such, Ascendia's subjective fear of litigation cannot establish jurisdiction. Moreover, insofar as the settlement negotiations between the parties touched on use of the disputed mark, "the fact that settlement discussions have linked the issues of registration and use does not push this dispute into the territory of federal jurisdiction." *Vina Casa Tamaya S.A.*, 784 F. Supp. 2d at 398. Notably, the Amended Complaint, filed in June 2022, sets forth no additional allegations with respect to Ascendis's conduct since 2020 indicating an intent to litigate or immediate threat to do so. *See Prasco*, 537 F.3d at 1338 (explaining that "the proper focus in determining jurisdiction are the facts existing at the time the complaint *under consideration* was filed") (emphasis in original) (internal quotation marks and citations omitted). Ultimately, Ascendia fails

11

to explain anywhere in its submissions, beyond conclusory allegations, the exact conduct of Ascendis that presented a real and immediate threat of litigation.

Third, Ascendia emphasizes that an actual controversy exists because, should the Court find declaratory judgment jurisdiction exists, then Ascendis will likely be compelled to counterclaim for infringement. (*See* Pl.'s Moving Br. at 26.) But "[a] declaratory judgment plaintiff must plead facts sufficient to establish jurisdiction at the time of the complaint, and post-complaint facts cannot create jurisdiction where none existed at the time of filing." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014); *Prasco*, 537 F.3d at 1338 (noting that "[l]ater events may not create jurisdiction where none existed at the time of filing") (internal quotation marks and citations omitted). For this reason, Ascendia's "analysis is logically flawed" as any potential counterclaim by Ascendis is conditioned on the Court "determining that there was a substantial controversy of sufficient immediacy and reality." *Microsoft Corp.*, 755 F.3d at 906. Thus, the mere prospect of a post-complaint counterclaim for infringement by Ascendis cannot establish an actual controversy.

In short, the totality of the circumstances fails to demonstrate an actual controversy between the parties as required by the Declaratory Judgment Act. *See Vina Casa Tamaya S.A.*, 784 F. Supp. 2d at 396–97 (finding that "defendant's opposition to plaintiff's trademark registration through a cease-and-desist letter and Notice of Opposition before the TTAB—accompanied by settlement negotiations touching on use of the disputed mark—is insufficient to create an actual controversy based on infringement, where plaintiff has been using the mark for seven years without any assertion by defendant of past, present, or potential infringement"). As noted, Ascendia's evidence of an actual controversy includes: (1) a 2017 cancellation petition before the TTAB; (2) an exchange of letters between the parties in 2016 and 2017; (3) vague comments during settlement

negotiations in 2020; and (4) a potential infringement counterclaim should the Court find an actual controversy exists. But, as at least one other district court in this Circuit has found, "vague threats of legal action like those present here coupled with the TTAB proceeding do not rise to the level 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Colur World, LLC*, 2019 WL 9100306, at *1 n.1 (quoting *MedImmune*, 549 U.S. at 127). While the Court acknowledges its jurisdiction to hear Ascendia's appeal of the TTAB Decision, it does not follow, as Ascedia suggests, that the Court must exercise declaratory judgment jurisdiction merely because the declaratory judgment claim raises issues that potentially overlap with the appeal. (*See* Pl.'s Opp'n Br. at 2–3.) To assert a declaratory judgment claim, Ascendia is obligated to demonstrate that an actual controversy exists. It cannot simply bootstrap declaratory judgment jurisdiction to its appeal under 15 U.S.C. § 1071. Ascendia's declaratory judgment claim is, therefore, dismissed with prejudice.

### B. The Cancellation Claim

Ascendia also seeks cancellation of Ascendis's federal registrations, Nos. 3731597, 5259688, and 6630735, under 15 U.S.C. § 1119 on the ground of abandonment. (*See* Am. Compl. ¶ 26.) Pursuant to Section 1119, "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." *Id.* In response, Ascendis argues that (1) the claim to cancel Reg. No. 3731597 is duplicative of Plaintiff's appeal to reverse the TTAB Decision; (2) the claim to cancel Reg. No. 5259688 is barred because it was a compulsory counterclaim before the TTAB; and (3) the claim to cancel Reg. No. 6630735 is barred because the mark is not yet three years old. (*See* Def.'s Moving Br. at 29–37.) Ascendis further argues that, to the extent there is no actual controversy

under the Declaratory Judgment Act, the appeal of the TTAB Decision is insufficient to support jurisdiction over the cancellation claims not previously at issue before the TTAB. (*See* Def.'s Reply Br. at 9–10.)

With respect to the cancellation claim for Reg. No. 3731597, because the claim is duplicative of Ascendia's appeal of the TTAB Decision, it is subject to dismissal. *See Blake Gardens, LLC v. New Jersey*, 309 F. Supp. 3d 240, 248 (D.N.J. 2018) ("It is well-recognized that a court may dismiss a duplicative claim in a complaint."). Ascendia's Amended Complaint includes both a claim for reversal of the TTAB Decision denying cancellation of Reg. No. 3731597, as well as a separate claim for cancellation of Reg. No. 3731597 under 15 U.S.C. § 1119. (*See* Am. Compl. ¶¶ 26, 41.) These claims are identical and seek the same remedy.

Ascendia's argument in opposition, which relies on the recent Third Circuit case, *Beasley v. Howard*, 14 F.4th 226 (3d Cir. 2021), is unavailing. In *Beasley*, the Third Circuit explained that the "TTAB is not a general-purpose tribunal for trademark disputes" and that "it has limited jurisdiction 'to determine only the right to register' a trademark and cannot 'decide broader questions of infringement or unfair competition.'" *Id.* at 233 (quoting *FirstHealth of Carolinas, Inc. v. CareFirst of Md., Inc.*, 479 F.3d 825, 828 (Fed. Cir. 2007)). For this reason, "a limit to claim preclusion applies to cases . . . where a plaintiff seeks damages or an injunction in a section 43(a) infringement action after pursuing a cancellation claim before the TTAB." *Id.* As such, "the jurisdictional limits on the TTAB that accompany its role as the primary venue for narrow questions of trademark registration ensure that proceedings before it do not carry claim preclusive effect against subsequent Article III infringement proceedings under section 43(a)." *Id.* at 231. Ultimately, however, *Beasley* offers no support for the notion that Ascendia can proceed with identical claims seeking the same remedy. Ascendia does not seek damages or an injunction in an

14

infringement action here, and thus *Beasley* is inapposite. Section 1119 governs only registration rights and remedies associated with those rights—the same issue that was before the TTAB.[3] Thus, the issue of cancellation of Reg. No. 3731597 will be adjudicated in this case in connection with the appeal of the TTAB decision. The Section 1119 cause of action is dismissed as duplicative.

As to the cancellation claims for Reg. Nos. 5259688 and 6630735, given that these registrations were not at issue before the TTAB and the Court has dismissed Ascendia's declaratory judgment claim, there is no basis for jurisdiction over the claims. "[A] controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy." *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992); *see Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) (stating that Section 1119 "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction"). No controversy as to Reg. Nos. 5259688 and 6630735 existed prior to Ascendia's invocation of Section 1119 in this civil action. Because the now-dismissed declaratory judgment claim cannot serve as the basis for such a controversy and because the TTAB proceeding concerned only Reg. No. 3731597, the Court cannot proceed with Section 1119 claims as to Reg. Nos. 5259688 and 6630735. Accordingly, Ascendia's cancellation claim is dismissed without prejudice.

As noted above, the Court does have jurisdiction to hear Ascendia's appeal of the TTAB decision under 15 U.S.C. § 1071. In doing so, the Court will assess the respective registration rights of the parties.

---

[3] Moreover, a district court applies the same legal tests and considers the same evidence in both an appeal of a TTAB decision and an original suit. *See, e.g., Koninklijke Philips Electronics N.V. v. Hunt Control Sys., Inc.*, No. 11-6834, 2017 WL 3719468, at * 18–19 (D.N.J. Aug. 29, 2017).

## V. CONCLUSION

For the reasons stated above, Ascendis's partial Motion to Dismiss is **GRANTED**; Ascendia's claim for declaratory judgment is **DISMISSED** with prejudice, and its claim for cancellation of Ascendis's registrations is **DISMISSED** without prejudice. An appropriate Order will follow.


Date: **May 26, 2023**

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**